**Kazak Sabah GOROU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74061.
Agency No. A73–004–123.

United States Court of Appeals,
Ninth Circuit.

Argued March 5, 2004.

Submitted July 14, 2004.

Decided Aug. 2, 2004.

Alan M. Anzarouth, Esq., San Diego, CA for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigra-

tion Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Thankful T. Vanderstar, Nelda C. Reyna, Esq., U.S. Department of Justice, Donald A. Couvillon, Esq., Office of Immigration Litigation, Washington, DC, for Respondent.

Before NOONAN, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM *

Gorou argues that he never received adequate warning about the consequences of filing a frivolous application, which is required by statute and regulations.[1] We have never had occasion to decide what makes for adequate notice in this context. We need not do so here because the government was compelled at oral argument to concede that the adequacy of the warning in this case could not be shown. Therefore, we grant the petition for review with respect to the IJ's finding that Gorou's application was frivolous.

■ In rejecting Gorou's application, the IJ made an adverse credibility determination, which Gorou challenges here. We may only reject the IJ's adverse credibility determination if the "evidence presented would *compel* a reasonable finder of fact to reach a contrary result."[2] Here,

the IJ supported his credibility determination with legitimate, specific, and cogent reasons, including Gorou's having told an entirely different story in Greece.[3] We thus have no reason to reject that determination.

■ The INS's use of the documented story in Greece as impeachment evidence did not violate due process. The evidence came in to impeach testimony that Gorou had just given. There is nothing to indicate that he was denied "a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf, as required by the Fifth Amendment's guarantee of due process in [removal] proceedings."[4]

■ Despite the adverse credibility finding against Gorou, the IJ was obliged to examine the documentary evidence in the record to determine if Gorou has a well-founded fear of persecution.[5] Moreover, Gorou's Convention Against Torture ("CAT") claim should also have been analyzed with regard for the record's non-testimonial evidence.[6]

We grant the petition for review with respect to the finding that Gorou filed a frivolous application, and remand for further proceedings to determine whether, accepting the IJ's adverse credibility determination, Gorou has nevertheless demonstrated a well-founded fear of persecution and eligibility for CAT relief.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. *See* 8 U.S.C. § 1158(d)(4), (6); 8 C.F.R. § 1208.3(c)(5); *id.* § 1208.20.

2. *Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999).

3. *See Aguilera–Cota v. INS*, 914 F.2d 1375, 1381–82 (9th Cir.1990).

4. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002) (internal quotation omitted).

5. *See Al–Harbi v. INS*, 242 F.3d 882, 891, 894 (9th Cir.2001).

6. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

PETITION GRANTED AND REMAND-ED.

KLEINFELD, Circuit Judge,
concurring in part and dissenting in part.

KLEINFELD, Circuit Judge.

I respectfully dissent from that portion of the majority's memorandum disposition that remands this case for further proceedings, as Gorou did not argue in his brief that the IJ failed to account adequately for the documentary evidence or that he was entitled to relief under the Convention Against Torture. I concur in the remainder of the memorandum disposition.